**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02749-CMA-BNB

RICHARD A. WOMACK, and
MARGARET K. WOMACK,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
PUBLIC TRUSTEE FOR JEFFERSON COUNTY,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
    as nominee for Guaranteed Rate, Inc.,
THE CASTLE LAW GROUP, LLC,
    attorneys for holder of evidence of debt,
GMAC MORTGAGE LLC, and
DOES 1-100,

    Defendants.

**ORDER REGARDING COMPLAINT**

This case is before the Court *sua sponte* as a result of its review of the docket.

**I. BACKGROUND**

Plaintiffs initiated this lawsuit *pro se* on October 9, 2013.  (Doc. # 1.)  Plaintiffs make various allegations relating to the foreclosure of real property.  (*Id.*)

**II. LEGAL STANDARD**

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint

must provide fair notice to the Defendants sued of what the claims are and the grounds supporting such claims, Twombly, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the Plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 1480 (10th Cir. 1989). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8. Furthermore, in a lawsuit bringing allegations of fraud (which is mentioned in the complaint here), the pleading must comply with Rule 9(b), prescribing that the circumstances constituting fraud be stated with particularity. Fed. R. Civ. P. 9.

### III. DISCUSSION

As a preliminary matter, the complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

The Tenth Circuit encourages district courts to "helpfully advise a *pro se* litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov*

*v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010).  Plaintiffs' complaint fails to clearly and manageably articulate the specific allegations as to each defendant and the corresponding basic details, such as the date of the act or identification of alleged actor, as well as the specific legal right each defendant allegedly violated.  Moreover, many of the claims lack specific factual allegations; thus, it is necessary to dissect the entire 30 page complaint in order to discern which facts apply to which claim and which claim applies to which defendant.  In addition, the complaint contains numerous superfluous facts, legal arguments, and immaterial statements which are not appropriately included in a complaint.  In short, the complaint totally fails to comply with the federal and local rules.

In order to secure the just, speedy and inexpensive determination of this matter, as dictated by Rule 1 of the Federal Rules of Civil Procedure, the Court finds it necessary to *sua sponte* strike the Complaint due to its failures as set forth above. The Court grants Plaintiffs leave to file, **on or before November 18, 2013**, an amended complaint that complies with this Order, Rule 8 of the Federal Rules of Civil Procedure, and Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

The amended complaint must be submitted on the court's form and shall be titled "Amended Complaint."  The background statement shall briefly summarize Plaintiffs' case. The Court advises Plaintiffs to provide a short and concise statement for each claim, which explains what each defendant did to them, when each defendant did it, how each defendant's action harmed them, what specific legal right each defendant violated, and what remedy they seek for each violation.  The complaint shall not contain

superfluous facts, legal arguments, and immaterial statements.  The Court informs Plaintiffs that failure to comply with this Order by not filing an Amended Complaint **on or before November 18, 2013**, could result in the dismissal of this case.

## IV. **CONCLUSION**

Based on the forgoing, it is ORDERED that the complaint (Doc. # 1) is STRICKEN for failure to comply with Fed. R. Civ. P. 8 and D.C.COLO.L.CivR 8.1A.  It is

FURTHER ORDERED that Plaintiffs shall have until **November 18, 2013** to submit an amended complaint that complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A and this order.  It is

FURTHER ORDERED that Plaintiffs' failure to comply with this order may result in the dismissal of this case.  It is

FURTHER ORDERED that the Clerk of the Court shall enclose with this order a copy of the court's complaint form.

DATED:  October __17th__, 2013

BY THE COURT:

*/s/ Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge